**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**TOMMY GREEN, SR.,**

**Plaintiff,**

**VS.** **Case No.: 4:15cv572-MW/CAS**

**JULIE JONES, et al.,**

**Defendants,**
**_____________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on November 23, 2015, by filing a complaint in which he requests declaratory and injunctive relief, ECF No. 1,[1] a motion for leave to proceed with in forma pauperis status (IFP), ECF No. 2, and a motion requesting service of process, ECF No. 3.

The Court must consider Plaintiff's prior litigation in determining whether his motion for in forma pauperis status, ECF No. 2, can be granted. Judicial notice is taken that Plaintiff has accumulated several

[1] Each document filed in this case is referenced "ECF No." (the Electronic Case File) followed by the document number.

"strikes" under 28 U.S.C. § 1915(g).[2] That statute, enacted as part of the Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action in forma pauperis under § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought *an action or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Plaintiff initiated a civil rights case in state court which was removed to this Court on June 4, 2014. Case # 4:14cv269-RH/GRJ. The Order of Dismissal, entered on November 18, 2014, adopted the Report and Recommendation, ECF No. 20, which concluded that the complaint should be dismissed for failure to state a claim. That dismissal should count as a "strike" under § 1915(g).

Plaintiff then filed a notice of appeal challenging that dismissal. The Eleventh Circuit Court of Appeals affirmed the dismissal and agreed that

---

[2] Plaintiff filed another case approximately one week prior to this case. *See* case no. 4:15cv562-WS/CAS. A nearly identical Report and Recommendation, ECF No. 5, is currently pending in that case.

Plaintiff's "amended complaint falls far short of stating a cognizable claim under § 1983." ECF No. 37 at 3. That dismissal counts as a "strike."

Plaintiff also initiated another civil rights case in state court which was removed to this Court on June 11, 2014. Case # 4:14cv283-MW/CAS. That case was also dismissed for failure to state a claim and failure to comply with court orders, and judgment was entered on September 11, 2015. ECF Nos. 51-52. That dismissal should count as another "strike" under § 1915(g).

Plaintiff initiated a third civil rights case in state court which was removed to this Court on July 29, 2014. Case # 4:14cv395-MW/CAS. That case was dismissed for failure to state a claim on October 23, 2014. ECF Nos. 12-13. That dismissal should also count as a "strike" under § 1915(g).

Plaintiff filed a notice of appeal challenging that dismissal. The Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. That dismissal counts as a "strike" under § 1915(g).

While it is clear that Plaintiff has had five prior cases or appeals dismissed as frivolous or for failure to state a claim, it is less clear whether all of those dismissal should count as "strikes" under § 1915(g) because

the three district court dismissals were cases which were *removed* to federal court and not initiated in federal court. The in forma pauperis statute directs that a prisoner not be permitted to proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, *brought an action or appeal in a court of the United States* . . . ." 28 U.S.C. § 1915(g) (emphasis added). In light of that language, it could be argued that a case which is removed to federal court and litigated there is not one that was "brought" in a court of the United States.

A number of courts have considered whether a prisoner should be permitted to proceed in federal court in a removal case when in forma pauperis status was granted in state court prior to removal. *See, e.g.,* Lloyd v. Benton, 686 F.3d 1225, 1226 (11th Cir. 2012) (reversing district court's order to remand case to state court because plaintiff had "three strikes" and concluding the district court has subject matter jurisdiction of the removed claims).[3] That issue is not present in this case because

[3] Courts have taken different approaches in handling cases which were removed to federal court after a three strikes prisoner initiated the case in state court and was granted in forma pauperis status in state court prior to removal. The majority of courts have declined to dismiss or remand a removed case on the basis that the "three strike" plaintiff did not request in forma pauperis status in federal court. "[T]he fact that plaintiff

Plaintiff initiated this case in federal court and has requested in forma

---

would have been barred by the three-strikes rule from filing an action without the prepayment of fees is not a basis for remand." Johnson v. Rock, No. 9:14-CV-815, 2014 WL 7410227, at *5 (N.D.N.Y. Dec. 31, 2014) (denying plaintiff's motion to remand and rejecting argument that three strikes rule deprives a court of "original jurisdiction"); Dotson v. Shelby Cty., No. 13-2766-JDT-TMP, 2014 WL 3530820, at *3 (W.D. Tenn. July 15, 2014) (holding that "b]ecause 28 U.S.C. § 1915(g) does not alter the Court's subject-matter jurisdiction, a district court cannot remand a properly removed action to state court on the ground that the prisoner is a three-strike filer."); Hartley v. Comerford, No. 3:13CV488/MCR/EMT, 2014 WL 241759, at *5 (N.D. Fla. Jan. 22, 2014) (denying plaintiff's motion to remand and stating "court's jurisdiction over a removed prisoner action is not defeated by § 1915(g)."); Howard v. Braddy, No. 5:12–CV–404 (MTT), 2013 WL 5461680, at * (M.D. Ga. Sept. 30, 2013) (denying motion to dismiss under § 1915(g) because "[t]he clear language of the statute applies only to actions in forma pauperis" and noting prisoner-plaintiff is "not proceeding in forma pauperis" because defendants paid the filing fee at the time of removal); Lisenby v. Lear, 674 F.3d 259, 262–63 (4th Cir. 2012) (reversing district court's order of remand on basis that § 1915(g) did not strip the court of subject matter jurisdiction and finding there was no "statutory or legal authority by which the district court could properly remand the action to state court, thereby depriving Defendants of their right to have the claims heard in federal court."); Pickett v. Hardy, No. 09-1116, 2010 WL 4103712, at *2-3 (C.D. Ill. Oct. 18, 2010) (finding removal was "appropriate, and since the defendants had paid the filing fee in full . . there was no cause to consider the in forma pauperis statute.").

Several courts have taken the opposite approach, however, either remanding or dismissing the case on the basis that the plaintiff-prisoner had three strikes. Riggins v. Kuoy, No. CIV.A. 14-0215-CG-M, 2014 WL 3764156, at *2-3 (S.D. Ala. July 30, 2014) (requiring plaintiff to pay the filing fee for removed case and finding that not applying "the 'three-strikes' rule to Plaintiff's removed state court action would allow Plaintiff to accomplish an end-run around the 'three-strikes' rule by filing in state court and hoping, perhaps, for removal of his action to this Court, without paying the required filing fee."); Riggins v. Corizon Med. Servs., No. 12–578–WS–M, 2012 WL 5470892, at *1 (S.D. Ala. Nov. 9, 2012) (dismissing case removed from state court under § 1915(g) because plaintiff had three strikes); Bartelli v. Beard, No. 3:CV-08-1143, 2008 WL 4363645, at *2 (M.D. Pa. Sept. 24, 2008) (remanding case over defense objection on basis that permitting "an indigent federal three strikes plaintiff" to "continue his litigation" in federal court after removal "results in trumping the effect of § 1915(g)."). Another court left the issue undecided. Omran v. Bleezarde, No. 1:15-cv-190-DBH, 2015 U.S. Dist. LEXIS 109757, at *3 (D.N.H. Aug. 14, 2015) (noting that because a defendant pays the filing fee upon removal, § 1915 would not seem to be applicable but not deciding the issue because the plaintiff had only been assessed two strikes).

pauperis status in this Court. Only two cases have been found in which courts considered the separate and distinct question of whether a case removed to federal court and subsequently dismissed under § 1915(e)(2)(B) should be considered a strike under § 1915(g). Kotewa v. Corr. Corp. of Am., No. 3:10-CV-0923, 2010 WL 5156031, at *2-3 (M.D. Tenn. Dec. 14, 2010) (rejecting argument that prior removal case "should not count as a 'strike' under the PLRA because the plaintiff did not initiate the litigation in federal court," and noting that the order of dismissal in the prior case warned plaintiff in advance that it would count as a "strike"); Farnsworth v. Washington State Dep't of Corrs., No. C07-0206-RSM, 2007 WL 1101497 (W.D. Wash. Apr. 9, 2007) (rejecting plaintiff's argument that a case removed to federal court should not be counted as a strike under § 1915(g)). Both of those cases reasoned that a dismissal in a removed case should be counted as a strike so as not to permit prisoners to circumvent the three strikes rule.

A prisoner-plaintiff has a First Amendment right to file a civil rights case in state court. State courts have jurisdiction to hear and decide such cases and a prisoner's decision to proceed in state court need not be questioned. However, defendants have the right to remove a case to

federal court under 28 U.S.C. § 1441. The plaintiff has no choice in that matter if defendants choose to remove a civil rights case to federal court. The plaintiff does, however, have a choice in the claims he brings and the merits of the case which will occupy the court's time and attention. If he litigates his case in federal court and the claims are deemed frivolous, malicious, or fail to state a claim, such a dismissal should properly be counted against him. Put another way, regardless of whether a plaintiff chooses to initiate his case in federal court, he decided the claims he would bring, the defendants he would name, and pressed forward in federal court with his case after removal. If the case is then found to be without merit, the plaintiff should be held responsible for his conduct resulting in a dismissal enumerated in § 1915(g). In that situation, the plaintiff is not penalized because of a defendant's decision to remove a case to federal court but, rather, for his own decision to litigate frivolous claims or claims which lack merit.

Regardless of whether the case was initiated or removed to federal court, resolving such a case diverts a court's time and attention from processing good faith claims. In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) (cited in Young v. McNeil, No. 4:09cv72-RS/WCS, 2009 WL

2781442, at *3 (N.D. Fla. Aug. 28, 2009) *aff'd sub nom.* Young v. Sec'y Florida for Dep't of Corr., 380 F. App'x 939 (11th Cir. 2010). Part of the purpose in enacting the PLRA was “to reduce the quantity of inmate suits,” Jones v. Bock, 549 U.S. 199, 223, 127 S.Ct. 910, 925, 166 L. Ed. 2d 798 (2007), and “curtain abusive prisoner litigation.” Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also* Al–Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (noting that “Congress enacted the PLRA ‘to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints.’”) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). That purpose is upheld by counting appropriate dismissals as a “strike” regardless of whether the case was initiated in federal court or removed to federal court. Indeed, dismissals are counted for § 1915(g) purposes whether or not the dismissal came in a case filed with in forma pauperis status or after payment of the filing fee. Section 1915(g) is, thus, properly linked to the merits of a case decided in federal court.

Furthermore, counting all cases which are dismissed in federal court as frivolous, malicious, or for failing to state a claim without regard to how

the case began in federal court provides uniformity. A prisoner whose case is removed to federal court and then dismissed as frivolous should not be treated differently than a prisoner who initially filed the case in federal court and also had it dismissed on frivolity grounds. Both cases should count as dismissals because federal court resources were expended in both cases. Presumably, courts tasked with the responsibility of enforcing the § 1915(g) bar will examine frequent filer cases to determine the result of the case without giving much consideration to the beginning of the case.

Plaintiff brought three cases while incarcerated and all three cases were dismissed for reasons listed in § 1915(g). Whether initially filed in state court or removed to federal court seems immaterial. Plaintiff brought actions which were fully litigated in federal court, using the time and resources of a "court of the United States." It is recommended that all five "strikes" be counted, resulting in application of the § 1915(g) bar.

Having recommended that Plaintiff be deemed to have accumulated three "strikes" under § 1915(g), he may proceed in this case with in forma pauperis status only if Plaintiff presents sufficient allegations in the complaint which reveal he is under imminent danger of serious physical injury. Plaintiff's allegations do not concern events in prison which might

meet the imminent danger requirement. Rather, Plaintiff complains about prior state court litigation. ECF No. 1. Plaintiff's complaint does not provide specific facts which show Plaintiff is in "imminent" danger of any physical injury. Thus, Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, should be denied, all other pending motions be denied, and this case should be dismissed. Dismissal should be without prejudice such that Plaintiff could file a new complaint in this Court in which he presents his claims for relief, but he must pay the full $400.00 filing fee at the time of case initiation. Owens v. Schwartz, 519 F. App'x 992, 994 (11th Cir. 2013) (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be

**DENIED** pursuant to 28 U.S.C. § 1915(g), that all other pending motions be **DENIED**, and this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on November 30, 2015.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**